AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# UNITED STATES DISTRICT COURT

### for the

2017 MAY 11   PM 1:24

DEPUTY CLERK _BMG_

)
)
*Erick Lawson*
_____
Petitioner

)
)
)
Case No. **5-17CV0102-C**
_____
*(Supplied by Clerk of Court)*

v.

)
)
)

*Marsha McLane Exec. Dir*
_____
Respondent

)
)
)

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.   (a) Your full name: *Erick Lawson*

     (b) Other names you have used: *N/A*

2.   Place of confinement:

     (a) Name of institution: *Texas Civil Commitment Center*

     (b) Address: *2600 S. Sunset Ave*
     *Littlefield, Texas  79339*

     (c) Your identification number: *03586885*

3.   Are you currently being held on orders by:

     ☐ Federal authorities   ☑ State authorities   ☐ Other - explain:

     *Involuntary Civil Commitment*

4.   Are you currently:

     ☐ A pretrial detainee (waiting for trial on criminal charges)

     ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

     If you are currently serving a sentence, provide:

     (a) Name and location of court that sentenced you: _____

     (b) Docket number of criminal case: _____

     (c) Date of sentencing: _____

     ☐ Being held on an immigration charge

     ☑ Other *(explain)*: *Preventive Detention*

     _____

     _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.      What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
    revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
    maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☑ Other (explain): *Conviction and Sentence based on inappropriate Specificity of Charges as well as other Due Process Violations; Collateral Consequences based on Conviction*

6.      Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: *264th Judicial District Court Bell County, Texas  Texas Criminal Court of Appeals Travis Co. Texas*

(b) Docket number, case number, or opinion number:s *39527-A     WR-85,915-02*

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):*
*Denial of Writ of habeas Corpus application § 11.07*

(d) Date of the decision or action: *1-25-17*

## Your Earlier Challenges of the Decision or Action

7.      **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: *N/A*
*N/A*

(2) Date of filing: *N/A*

(3) Docket number, case number, or opinion number: *N/A*

(4) Result: *N/A*

(5) Date of result: *N/A*

(6) Issues raised: *N/A*
*N/A*
*N/A*
*N/A*

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_N/A_

_N/A_

_N/A_

(b) If you answered "No," explain why you did not appeal: _N/A_

_N/A_

_N/A_

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes      ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _N/A_

_N/A_

    (2) Date of filing: _N/A_

    (3) Docket number, case number, or opinion number: _N/A_

    (4) Result: _N/A_

    (5) Date of result: _N/A_

    (6) Issues raised: _N/A_

_N/A_

(b) If you answered "No," explain why you did not file a second appeal: _N/A_

_N/A_

_N/A_

9.   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes      ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _N/A_

_N/A_

    (2) Date of filing: _N/A_

    (3) Docket number, case number, or opinion number: _N/A_

    (4) Result: _N/A_

    (5) Date of result: _N/A_

    (6) Issues raised: _N/A_

_N/A_

_N/A_

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

*N/A*

*N/A*

*N/A*

*N/A*

(b)  If you answered "No," explain why you did not file a third appeal:  *N/A*

*N/A*

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☑ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1)  Name of court:  *N/A*

(2)  Case number:  *N/A*

(3)  Date of filing:  *N/A*

(4)  Result:  *N/A*

(5)  Date of result:  *N/A*

(6)  Issues raised:  *N/A*

*N/A*

*N/A*

*N/A*

*N/A*

*N/A*

*N/A*

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1)  Name of court:  *N/A*

(2)  Case number:  *N/A*

(3)  Date of filing:  *N/A*

(4)  Result:  *N/A*

(5)  Date of result:  *N/A*

(6)  Issues raised:  *N/A*

*N/A*

*N/A*

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: *I am detained under State law*

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes                    ☑ No

If "Yes," provide:

(a)     Date you were taken into immigration custody: *N/A*

(b)     Date of the removal or reinstatement order: *N/A*

(c)     Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☑ No

If "Yes," provide:

(1)  Date of filing: *N/A*

(2)  Case number: *N/A*

(3)  Result: *N/A*

(4)  Date of result: *N/A*

(5)  Issues raised: *N/A*

*N/A*

*N/A*

*N/A*

*N/A*

(d)     Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☑ No

If "Yes," provide:

(1)  Name of court: *N/A*

(2)  Date of filing: *N/A*

(3)  Case number: *N/A*

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: *N/A*

(5) Date of result: *N/A*

(6) Issues raised: *N/A*

*N/A*

*N/A*

*N/A*

*N/A*

*N/A*

*N/A*

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☒ Yes          ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: *Writ of habeas Corpus Application 8-11-07*

(b) Name of the authority, agency, or court: *264th District Court, Bell County, Texas*

*Convicting Court*

(c) Date of filing:

(d) Docket number, case number, or opinion number: *39527-A*

(e) Result: *Denied by Texas Criminal Court of Appeals*

(f) Date of result: *1-25-17*

(g) Issues raised: *Actual Innocence*

*Ineffective Assistance of Counsel*

*Involuntary Plea of Guilt*

*Collateral Consequences based on Ex Post Facto Violation*

**Grounds for Your Challenge in This Petition**

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** *Actual Innocence - newly discovered evidence. Constitutional error [Due Process] Herrera V. Collins 113 S. Ct 853 (1993) Schlup V. Delo 115 S. Ct 851 (1995). Petitioner remains unlawfully confined after being unlawfully con-*

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts (Be brief. Do not cite cases or law.):

victed and sentenced based on fundamentally flawed Process, that has in fact denied him Due Process of law, while effectively robbing him of his vested Pre judgment interest. Petitioner's conviction unlawfully rests on a charge not made nor properly tried. [Lacking Specificity] Cole v. Arkansas 333 U.S. 196, 201, 68 S. Ct 514, 517, 92 L.ed 644. Said interest would have Provided him w/a – viable (see att. pg)

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes    ☐ No

**GROUND TWO:** Ineffective Assistance of Counsel – Sixth Amendment Violation to the United States Constitution, failure to seek out mitigating evidence or Produce Mental Status Defense. Brown v Myers, 137 F.3d 1154, 1156-57 (1998) Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct 2574

(a) Supporting facts (Be brief. Do not cite cases or law.):

Petitioner's Court appointed Counsel of record has created a conflict of interest, while showing prejudicial bias towards the Prosecution. Thereby, prejudicing his clients [Petitioner's] case when refusing to employ a designer (Mental Health Status) defense as requested by his client who explained his mental defectiveness to said Counsel seeking effective assistance via mental incapacity or some other viable (see att pg)

(b) Did you present Ground Two in all appeals that were available to you?
☑ Yes    ☐ No

**GROUND THREE:** Involuntary Plea of Guilt – based on Violation of Due Process of law. [Due Process Clause] XIV Amendment to the United States Constitution. Santobello v New York 404 U.S. 257, 262, 92 S. Ct 495, 499, 30 L ed 2d 427, 433 (1971); Marshall v Lonberger, 103 S. Ct 843, 852 (1983)

(a) Supporting facts (Be brief. Do not cite cases or law.):

Petitioner avers he has not recieved "real notice" of the charges against him and therefore his plea was made involuntarily. Petitioner was not aware of the charge against him and therefore could not make a knowing and voluntary Plea of Guilt. As Penal Code 30.02 (a)(1) specifies, Burglary of habitation as a 2nd degree felony. A first degree felony at the time of Petitioner's commission of offense is set forth as Penal Code 30.02(d) subsection d. Petitioner

(b) Did you present Ground Three in all appeals that were available to you?
☑ Yes    ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _Collateral Consequences resulting from Ex. Post Facto Violation XIV Amendment to the United States Constitution. Calder V. Bull (S. Ct 1798) Fletcher V. Peck 3 L. Ed 162. 6 Cranch 87. Cummings V. Missouri_

(a) Supporting facts (Be brief. Do not cite cases or law.):

_Petitioner avers that the State of Texas (via it's Civil Commitment Act) has retroactively altered his Plea Agreement. [ Contract ] By invidiously using his prior criminal conviction as evidence in Civil Case no. 07-08-08159-CV. Via the States retroactively reaching legislation and retrospective interpretation of Criminal law in an unexpected and indefensible way. Petitioner has also "simultaneously" been denied Due Process of law, while being subjected to unconstitutional attainder law._

(b) Did you present Ground Four in all appeals that were available to you?

☑ Yes          ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____ _N/A_ _____

_____

_____

_____

**Request for Relief**

15. State exactly what you want the court to do: _Overturn my Conviction under cause no. 39527 and decree void Judgment in my favor. Decree that I have been falsely imprisoned under an unconstitutional Conviction and Sentence that is based on void Judgment._

_____

## Ground One : **Actual Innocence**

defense, enabling Petitioner to proceed to jury trial. It does not matter if the evidence was strong or week, whether the state of defense disclosed said evidence. A lesser included offense could have been raised, based on affirmative refutation and negation of the "sexual nature" element establishing the greater offense. [see exhibits A. Statement of Facts, B. Indictment, C. Texas Criminal Code of Proc. Reference sheet] Thus a showing of materiality does not require demonstration by preponderance of evidence that disclosure of suppressed evidence would have resulted ultimately in Petitioner's acquittal.

Petitioner has been wrongly indicted under Texas Penal Code 30.02(a)(1) which does not effectively denote(*with specificity*) the crime for which he was convicted in 1990. As Burglary of Habitation with intent to commit Felony other than theft, was listed as P.C 30.02 (d)(1-3) where injury is alleged. Yet, Petitioner's indictment alleges an illegal variant [De Facto] Penal Code *statute* that does not match with the allegations of Petitioner's crime. Petitioner's indictment is essentially void and has effectively prejudiced his case. Based on said substantially misleading indictment, as well as suppression of specific information[exculpatory evidence— Brady Material] that would have supported theft.[see exhibit A. Newly Discovered Evidence]

Petitioner avers further, that a conviction upon a charge not made or a charge not tried is a denial of Due Process of law. U.S.C.A Const. XIV Amendment [4,5] It is axiomatic that a conviction upon a charge not made or not tried constitutes denial of Due Process. *Presnell v. Georgia*, 439 U.S. 4, 99 S.Ct 235, 58 L.ed 2d 207. The premise that has never been doubted in our Constitutional system is *fundamental fairness*. A person cannot be denied his/her vested pre or post-judgment interest and incur loss of liberty, without notice and meaningful opportunity to defend. *E.G. Hovey v. Elliot,* 167 U.S. 409, 416-420, 17 S.Ct 841, 844-846, 42 L.ed 215.

## Ground Two: **Ineffective Assistance of Counsel**

legal strategy, other than proffering of the State's unconscionable plea-bargain offer. Counsel [*Blythe*](upon information and belief) was in-fact aware of the state's unfair advantage, yet effectively aided the state in suppression of exculpatory evidence to prove theft of $634.69. Constructively **"working in cahoots"** with the prosecution as a friend, to secure an easy conviction, as explained to Petitioner by Mr. Blythe during an attorney visit before trial. [see exhibit D. Sworn Affidavit of Petitioner] Counsel has therefore subjected Petitioner to unlawful psychological coercion, thereby compelling him to testify against himself and forfeit his Constitutional right to jury trial. Upon information and belief, Counsel[Stephen Blythe] has now provided false(perjurous) testimony as evidence against Petitioner, via his Affidavit submitted before the 264th District Court of Bell County, Texas. Said affidavit (submitted by Mr.Blythe) based upon court Order, states that he in-fact shared full discovery with Petitioner.[see exhibit E Sworn Affidavit by Counsel] which is a lie. Had Mr. Blythe shared said information(evidence) with Petitioner, he would not have pled guilty to Burglary w intent to commit sexual assault. Instead, Petitioner would have taken his case to jury trial and effectively submitted evidence to prove theft.

Petitioner avers his court appointed counsel's performance has been significantly prejudicing to his case, constructively denying him Due Process of law. The knowing and voluntary character of Petitioner's plea has been obtained unlawfully, based on counsel's unprofessional dereliction of official duty. Said inaction clearly shows failure to uphold an objective standard of reasonableness, and is *shocking to the conscience*. Petitioner avers that he has been prevented from establishing a viable defense via Constructive Denial of Effective Assistance of Counsel. This has resulted from conflict of interest created by counsel's disloyalty and contempt for Petitioner's offense. Which caused counsel to treat petitioner's case as a boring and burdensome chore. Further, counsel's performance has been ineffective and prejudicing, based on the fact that he refused to put together a Mental Status defense as requested by his client. Who duly informed him that he had been in a delusional state, based on the fact that he was heavily under the influence of both illicit(hallucinogenic) drugs and intoxicants at the time of the commission of the offense. By failing to properly investigate in order to discover mitigating/exculpatory evidence, Mr.Blythe merely made a pro forma performance on Petitioner's behalf. The totality of said inactions stated herein are both incompetent and unreasonable, falling far below the objective standard of reasonableness required by law for Texas attorneys.

## Ground Three: **Involuntary Plea of Guilt**

relies on T.C.C.P Art. 27.08 to show the court that his indictment does in-fact contain matter (Penal Code 30.02 (a)(1)) which is a legal defense and bar to prosecution. As everything should be state in an indictment which is necessary to be proved. Petitioner avers his plea of guilt could not be made knowingly, the verifiable fact that he has been charged under the wrong statute of law. As no man in his right mind (*without being delusional*) would plead guilty to a crime that does not hold elements that are necessary to convict him. The legality of both Petitioner's conviction and ongoing confinement stand unresolved and should be subject to federal review, based on violation of Due Process of law. Petitioner avers further that his plea of guilt has been made involuntarily, as result of psychological mental coercion. [see exhibit   Sworn Affidavit by Petitioner] This case has resulted in fundamental miscarriage of justice, and does not meet corpus delict requirements of law. Petitioner has fully exhausted his state habeas corpus remedies and seeks equitable justice under federal review.

Ground Four: **Collateral Consequences**

Petitioner avers that he is now suffering from ongoing collateral consequences of his criminal conviction under cause no 39-527.That have been unlawfully imposed upon him "*invidiously*" by the state of Texas. Who have enacted attainder laws that have placed Petitioner under highly grossly excessive civil penalties. Thereby, causing him to be *sued, civilly committed, and illegally seized*, based on said offense, that has been used as evidence against him under Civil cause no. 07-08-08159-cv[*as basis for involuntary commitment*] Petitioners plea-agreement spoke nothing of any possibility or probability of future civil action being taken against him by the State. Where said conviction could be used against him as evidence to sue, although this is not deemed nor believed to be punitive.(**punishment**) Petitioner(*as result of use of said conviction as evidence*) remains unlawfully confined. Being held under preventive detention pursuant to Texas Civil Commitment Act, under court mandated supervision

Petitioner contends to effectively show the court that the State of Texas has in-fact denied him Due Process of law and thereby justice, while abusing civil process. acting . Said violation of the federal constitutions XIV Amendment has resulted in Petitioner's his unlawful civil Commitment under State law[Texas Health and Safety Code-Chapter 841] resulting from wrongly adduced evidence. Petitioner has been "sued"via civil action and subjected to illegal seizure (involuntary commitment)based on use of inappropriate (improper) criminal evidentiary standard [reasonable doubt] in said civil action taken against him by the State of Texas. Petitioner avers that while there may be shared interest surrounding civil and criminal commitments, Different standards of proof are called for in civil commitment proceedings. Addington v. Texas, 441 U.S. 418, 326-427 (1979).

Petitioner further avers that the state has unlawfully retroactively interpreted criminal law in an unexpected and indefensible way. Thereby, violating **Due Process of law**, as well as the **Ex Post facto clause** of the United States Constitution. Causing him to suffer under grossly excessive civil penalties that have kept him confined an additional ten years as a prisoner of the state.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_May 9th, 2017_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  _5-9-17_

_Erick Lawson_
_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

*Exhibit A*

S T A T E M E N T  O F  F A C T S  F O R M

*[handwritten: Lawson, Erick E.*
*D.O.B: 10-30-67.*
*off: Burg. Hab. w/I*
*to commit Sexual A-s.*
*Off. Date: 9-9-90*
*Sent: 35 yrs TDCJ·ID]*

FROM  JOHN A. CONVERY, ASST.  DISTRICT ATTORNEY ___ BELL ___ COUNTY  *TS*

NAME OF INMATE  ERICK EUGENE LAWSON

CAUSE NO.  39,527  DATE OF SENTENCE  11/9/90  OFFENSE  BURGLARY OF A HABITA-

TION WITH INTENT TO COMMIT SEXUAL ASSAULT, TEXAS PENAL CODE, SECTION 30.02(a)(1)

1.  Statement of offense or offenses (including time, date, place, manner in which
committed, mitigating or aggravating circumstances):

   The 78 year old victim awoke to the sound of breaking glass when her home in
Temple was forcibly entered by the defendant on the evening of September 9, 1990.
The elderly victim was attacked in her hallway and forced to the floor, where the
defendant tried to rape her, causing bad bruises to her back and thighs.  *[handwritten: 30.02(d)(5)*
*[INJURY]*

2.  Name of co-defendants, disposition of their cases:

   None.

*[handwritten: Stolen Money (Check)]*

3.  Name and address of injured party, value of property stolen or amount of loss
sustained by injured party.  Was stolen property returned to owner without loss?

   Esther Mae Triplett, 1117 South 26th Street, Temple, Texas 76501 -
   Loss: $634.69

   VICTIM REQUESTS NOTIFICATION OF ANY CONSIDERATION OF PAROLE OR EARLY RELEASE.

4.  Other cases against defendant, dismissed or pending:

   Temple Police Department - No. 88-04671 - a very similar event against an
elderly woman.

5.  Defendant's general behavior in the community and while in jail (including
knowledge of drug addiction, escapes or attempts to escape, etc.):

   This defendant is a violent repeat offender, who will prey on middle-aged and
elderly women when released.  He should not be considered for early release.

_____
SIGNATURE OF OFFICIAL MAKING REPORT

NOVEMBER 9, 1990
DATE

000063

THE STATE OF TEXAS

COUNTY OF BELL

IN CAUSE NUMBER __39,527__

THE STATE OF TEXAS

VS

__Erick Eugene Lawson__

I, DAFFY CARPENTER, CLERK OF THE DISTRICT COURTS IN AND FOR BELL COUNTY, TEXAS, DO HEREBY CERTIFY THAT THE ATTACHED ARE TRUE AND CORRECT COPIES OF INSTRUMENTS AS APPEARS FROM THE ORIGINAL INSTRUMENTS, NOW ON FILE AND OF RECORD IN THIS OFFICE, TO-WIT: Indictment
Form Number 1 -Judgment and Sentence
Change of Venue Statement
Waiver of Pre Sentence Investigation Report
Waiver of Right of Appeal

TO CERTIFY WHICH, WITNESS MY HAND AND OFFICIAL SEAL OF SAID COURT, IN MY OFFICE IN THE CITY OF BELTON, TEXAS, THIS THE_____16th_____ DAY OF _____November_____, 19 _90_.

DAFFY CARPENTER, DISTRICT
CLERK, BELL COUNTY, TEXAS

SEAL                                          BY:_____
                                                    DEPUTY CLERK

000062

EXHIBIT **B**

FORM NUMBER 1

THE STATE OF TEXAS
VS.                                     NO. _39,527_

IN THE _264th_ DISTRICT
COURT OF

_Erick Eugene Lawson_
DEFENDANT

_Bell_ COUNTY, TEXAS

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
WAIVER OF JURY TRIAL

| | | |
|---|---|---|
| Judge Presiding : | Honorable Jack W. Prescott | Date of Judgment: 11/9/90 |
| Attorney for State : | John Convery | Attorney for Defendant: Steve Blythe |
| Offense Convicted of | Burglary of a Habitation with Intent to Commit Sexual Assault | P.C. Sec. 30.02(a)(1) - Bell to Jail Itsalas 11-26-90 |
| Degree : | First Degree repeat offender | Date Offense Committed: 9/9/90 |
| Charging Instrument: | Indictment/~~Information~~ | Plea: Guilty/~~Nolo Contendere~~ |
| Terms of Plea Bargain (In Detail) : | Sentenced to Thirty Five (35) years, Texas Department of Criminal Justice, INstitutional Division | |
| Plea to Enhancement Paragraph(s) : | True | Findings on Enhancement: True |
| Findings on Use of Deadly Weapon : | N/A | |
| Date Sentence Imposed : | 11/9/90 | Costs: $659.50 |
| Punishment and Place of Confinement : | Thirty Five (35) years, Texas Department of Criminal Justice, Institutional Division | Date to Commence: 9/12/90 |
| Time Credited : | Sixty One (61) Days | Total Amount of Restitution/Reparation: N/A |
| Concurrent Unless Otherwise Specified. | | Restitution to Be Paid To: Name: Address: |

[Insert Recitations of Judgment]

On the _9th_ day of _November_, 19 _90_, the above entitled and numbered cause was regularly reached and called for trial when came the State of Texas by her District Attorney, as named above, and _Erick Eugene Lawson_, hereinafter called the "Defendant" in person, and by his attorney, as named above and both parties announced ready for trial.

Fingerprint from

_Right Index_

PRESIDING JUDGE

November 14, 1990
DATE SIGNED

000055

Waived

# IN THE NAME AND B. AUTHORITY OF THE STATE OF TEXAS:

F I L E D

THE GRAND JURY, for the County of _____ BELL   '90 OCT 10   AM 11 40

State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the ___ OCTOBER ___

DISTRICT COURT

Term, A. D. 19 90 of the _____ 264TH _____ Judicial District Court for said County, upon their oaths present

BY ___ α ___ DEPUTY

in and to said court at said term that _____

### ERICK EUGENE LAWSON

hereinafter styled Defendant _____, on or about the ___ 9TH ___ day of ___ SEPTEMBER ___ A.D.

19 90 , and before the presentment of this Indictment, in the County and State aforesaid,

39527

## FIRST PARAGRAPH

did then and there intentionally and knowingly enter a habitation
without the effective consent of Esther M. Triplett the owner, and
therein attempted to commit the felony of sexual assault directed
against Esther M. Triplett

## SECOND PARAGRAPH

AND THE GRAND JURORS AFORESAID do further present that before the
commission of the aforesaid offense in the First Paragraph by the said
Erick Eugene Lawson, to-wit: on the 6th day of January A.D., 1989 in
the 264th District Court of Bell County, Texas in Cause Number 35,185,
the said Erick Eugene Lawson was convicted of the felony offense of
Robbery

## THIRD PARAGRAPH

AND THE GRAND JURORS AFORESAID do further present that before the
commission of the aforesaid offense in the First Paragraph by the said
Erick Eugene Lawson, to-wit: on the 6th day of January A.D., 1989 in
the 264th District Court of Bell County, Texas in Cause Number 37,114,
the said Erick Eugene Lawson was convicted of the felony offense of
Burglary of a Habitation

against the peace and dignity of the State.

000054

_____          _____
District Attorney 27th Judicial District of Texas          Foreman of the Grand Jury.

| OFFENSE | PC Section | Category |
|---|---|---|
| Assault by Threat or Contact on Elderly Person | 22.01(c) | Misd A |
| Assault by Threatening Bodily Injury | 22.01 | Misd C |
| Assault by Offensive Conduct | 22.01 | Misd C |
| Assault, Sexual | 22.011 | Fel 2 |
| Bail Jumping | 38.10 | Misd A, Fel 3 if charge was felony |
| Bigamy | 25.01 | Misd A |
| Bookmaking (Gambling Promotion) | 47.03 | Misd A |
| Bribery Acceptance | 36.02 | Fel 2 |
| Bribery of Public Servant | 36.02 | Fel 2 |
| Burglary of a Building | 30.02 | State Jail Fel |
| Burglary of a Habitation | 30.02 | Fel 2 |
| Burglary Habitation with Intent to Commit Felony other than theft | 30.02(d) | Fel 1 |
| Burglary of Coin-Operated Machine | 30.03 | Misd A |
| Burglary of a Vehicle | 30.04 | Misd A |
| Carrying a Handgun, Illegal Knife or Club | 46.02 | Misd A |
| Carrying Pistol on Liquor Premises | 46.02(f) | Fel 3 |
| Carrying Weapon in Prohib. Places | 46.03 | Fel 3 |
| Carrying Firearm by Felon | 46.04 | Fel 3 |
| Commercial Bribery | 32.43(d) | State Jail Fel |
| Breach of Computer Security | | |
| (a) Knowingly access w/o consent | 33.02 | |
| (b) Give password or code w/o consent | 33.02 | |
| (c) Class A misdemeanor if done to obtain a benefit or defraud another | | |
| (1) State Jail Felony if value of benefit or amount of harm is under $20,000 | | |
| (2) Fel 3 if value of benefit or loss or harm is $20,000 or more | | |
| Conspiracy to Commit Felony | 15.02 | 1 category less than intended fel |
| Criminal Mischief | 28.03 | Amount of loss determines |
| Criminal Trespass | 30.05 | Misd B |
| Criminal (Habitation or Deadly Weapon) | 30.05 | Misd A |
| Credit Card Abuse | 32.31 | State Jail Fel |
| Criminal Non-Support | 25.05 | State Jail Fel |
| Damage or Destruct. of Property (Reckless Only) | 28.04 | Misd C |
| Damage to Property - Intentionally | 28.03 | Amount of loss determines |

*EXHIBIT D*

[FILL OUT cause number and heading information EXACTLY as it is written on the Petition]

NO. _39.527_

| | | |
|---|---|---|
| _EX PARTE_ | § | _IN THE 264th JUDICIAL_ |
| | § | |
| _ERICK LAWSON_ | § | _DISTRICT COURT_ |
| | § | |
| | § | _BELL COUNTY, TEXAS_ |

## AFFIDAVIT

THE STATE OF TEXAS
COUNTY OF _____LAMB_____

[PRINT the name of the county where this statement is being notarized.]

BEFORE ME, the undersigned authority, on this day personally appeared

_ERICK LAWSON_ , who

[PRINT the first and last names of the person who will sign this statement.]

swore or affirmed to tell truth, and stated as follows:

"My name is _ERICK LAWSON_ .

[PRINT the first and last names of the person who will sign this statement.]

I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement. I understand that if I lie in this statement I may be held criminally responsible. This statement is true. _My Counsel of record [Stephen E. Blythe] in said cause has failed to inform me of the fact that $634.69 had been reported stolen by the victim. When in fact he held such knowledge via full discovery recieved from the prosecution, as sworn and attested to in his own Affidavit required by the 264th Judicial District Court concerning this case. With regards to my application for writ of habeas corpus 11.07. This stolen amount is verifiable via Court Record, preserved in, STATEMENT OF FACTS (see exhibit attached) Counsel Blythe had access to and failed to share said knowledge with me. as required by State law. Counsel also failed to submit a requested motion for mental capacity evaluation. To determine my mental status at the time of said offense. Even after I pleaded with him to do so and explained to him that I percieved that I have a mental defect As well as the fact that I had been under the influence of intoxicants and illicit drugs,_



NO. 39,527-A

| | | |
|---|---|---|
| EX PARTE: | § | IN THE 264TH JUDICIAL |
| | § | |
| | § | DISTRICT COURT |
| | § | |
| ERICK EUGENE LAWSON | § | BELL COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned Notary Public, on this day personally appeared STEPHEN E. BLYTHE who, upon being duly sworn, stated on his oath as follows:

"My name is STEPHEN E. BLYTHE. I am over twenty-one (21) years of age and otherwise qualified to give this Affidavit.

I am an attorney licensed to practice law in the State of Texas since May 26, 1969. I have handled the defense of criminal cases in Bell County, Texas continuously from October 1974 thought the present time.

I was previously court-appointed to represent ERICK EUGENE LAWSON for the offense of Burglary of a Habitation with Intent to Commit Sexual Assault, which such offense was alleged to have occurred on or about September 9, 1990. I continued to represent ERICK EUGENE LAWSON through the entry of his plea of Guilty on November 9, 1990. I do not recall having any further contact with ERICK EUGENE LAWSON since our appearance in court for entry of his plea.

Because of the long passage of time since my handling of this case, I have somewhat limited recall of all of the facts and circumstances. Further, the file which I created in my office concerning all facts of this case has long since been disposed of, as it is not the policy of our office to retain files of this nature beyond ten (10) years.

As has always been my practice in the defense of any criminal case on which I am retained or appointed counsel, I do take pride in properly representing every such defendant. This representation has always included a thorough investigation of the allegations in the State's case, as well as all possible defensive issues that can be raised. I have always met frequently in person with my clients to discuss the status of their case, the status of the investigation, possible defenses and any plea discussions between the District Attorney's Office and me. I am confident I did that in this case.

I have always been particularly concerned if I believed a Defendant had mental sanity issues at the time of commission of the offense or mental competency issues as the case proceeded through the criminal justice system. If I have ever suspected that a Defendant was suffering issues which brought into question his sanity at the time of commission of an offense or a Defendant's competency as we were preparing for trial, I have always prepared the appropriate motion and sought out the appropriate psychological and/or psychiatric evaluation of such Defendant. Having been a criminal defense attorney for a long time, I

have also, on occasion, had Defendant's who attempted to use a mental or psychological issue in order to avoid responsibility for their actions. I feel my obligation to the Court is to only pursue those sanity or competency issues when I, in good faith, believe my client is, in fact, truly suffering from those matters. At that point, if I am so convinced, I definitely seek an evaluation from a professional. I recall that, based on the facts developed in this case and in particular the conversations that were reported to have occurred between the victim and the Defendant at the time of commission of the offense, it certainly did not appear that the Defendant was suffering from any type of sanity or competency issues. Defendant knew exactly what he was attempting to do and he explained, during the commission of the offense, that he was not able to convince younger women to have sex with him and, in particular, was not able to because they knew he had been to prison. The content of that conversation certainly was in contrast to and refuted any allegation that he was not competent. I would never have laughed at or made light of any alleged defense raised by a client. I may very well have disagreed with a client and so advised him based on the common sense one must use in approaching these matters, but I would never haves simply laughed at him or made fun of him.

I have always had a good rapport with the Bell County District Attorney's Office and have always received full discovery from the prosecutor, which such information I always share with the defendant. I have never felt indebted or obligated to any prosecutor in such a way that it would deter from my representation of my client. Such allegation by the Defendant in this case is absurd.

I recall the basic facts of this case as it involved the attempted sexual assault of an elderly female. Guilt was never an issue as she was able to identify the Defendant, his palm print was located in her bedroom and his hat (with his name on it) was found in her room.

Based on the egregious facts of this case, in that Defendant was accused of attempting to sexually assault a seventy-eight (78) year old woman in her home, combined with the Defendant's prior criminal history, I most assuredly would have told him he needed to let me negotiate a plea offer. I would also have reported to the Defendant that, in my opinion and based on my experience, an offer of thirty-five (35) years in TDCJ would be considerably lighter than what a jury would likely give him in a trial. I certainly feel it is my duty as counsel to give the Defendant my honest assessment of his chances in trial and the punishment range he may receive in trial, all of which we compare to the offer on the table from the Bell County District Attorney's Office. I am confident I did that in this case.

Before I allow a Defendant to conclude his case, either by plea or trial, I always advise the Defendant of any collateral consequences which I may be familiar with at the time of the plea. Every Defendant is made aware that neither counsel nor the Court have any influence

2

on Defendant's ability to make parole in the future.   Considering the past criminal history of this Defendant and the serious nature of his offense, I certainly would not have told him that he would be released in four (4) years. I explain to every Defendant that his past history, his conduct in prison and the nature of offense all have a bearing on his future release from prison on parole.

I am confident that, at the time of entry of his plea, I advised the Defendant that in my best judgment and based on my experience in these matters, I felt that it was to his benefit and advantage to enter a plea of Guilty in this case in exchange for the sentence of thirty-five (35) years in TDCJ as was recommended in the plea agreement.

SIGNED on ___Sept. 20th___, 2016

_____

STEPHEN E. BLYTHE

STATE OF TEXAS         §
                       §
COUNTY OF BELL         §

The foregoing instrument was acknowledged before me by STEPHEN E. BLYTHE on ___Sept. 20th___, 2016.

_____
Notary Public - State of Texas

YVONNE HAUDER
Notary Public, State of Texas
Expires DECEMBER 4, 2016
I.D.# 3707769

3



PURPLE HEART

LUBBOCK TX 794
WED 10 MAY 2017PM

RECEIVED
MAY 11 2017
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF

Lawson # 03586885
? Commitment Center
Sunset Ave
Texas 79359

clerk

United States District Court
Northern District of Texas
1205 Texas Ave   RM 209
Lubbock, Texas 79401