UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ERICK LAWSON
    Petitioner (Pro se)

v.                                       Case No. **5:17-cv-0102-c**

MARSHA MCLANE Exec Dir. TCCO
    Respondent

## MOTION FOR JUDGMENT ON THE PLEADINGS
*Pursuant to Fed. R. Civ. P. Rule 12(c)*

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Erick Lawson (***Pro se***) and respectfully addresses the Court pursuant to Fed. R. Civ. Proc. 12(c). Movant (*who is Petitioner in said cause*) moves the court (after the pleadings) to enter in this case **MOTION FOR JUDGMENT ON THE PLEADINGS.** *After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings. Petitioner/Movant herein avers, the facts relating to his case are no longer in dispute; Therefore, only a question of law remains for judicial review.* **Chaison v. Stark,** *Tex. Civ.App 29 S.W. 2d 500, 503.*

1

*If, on a motion under **Rule 12(c)** matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under **Rule 56**. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

Movant contends before the court showing, the party opposing the motion must offer evidence sufficient to demonstrate the existence of the required elements of the party's case. **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. As the moving party must identify the evidence on file in the case which establishes the absence of any genuine issue of material fact. **Celotex**, 477 U.S. at 323.

Movant respectfully contends that respondent has not presented any factual evidence before the court to refute his meritorious claims on record, which are supported by factual evidence. Once the moving party has made an initial showing; the party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact. **Anderson**, 477 U.S. at 256-57. Conclusory assertions, unsupported by specific facts, Presented opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. See **Lujan v. National Wildlife Fed'n**, 497 U.S. 871, 888, 111 L. Ed. 2d 695, 110 S. Ct. 3177 (1990).

Movant/ Petitioner remains aggrieved based on ongoing *unlawful* restraint of his liberty. Resulting from collateral consequences of his conviction under cause no. 39,527. being presently confined in Texas Civil Commitment Center—Littlefield, Texas **[Civil Preventive Detention]** Contending for life and liberty while seeking to prevent manifest injustice. Movant contends he is in fact '***actually innocent***', based on ***fundamental miscarriage of justice***. To the contrary, the respondent (State of Texas) relies on technical assertions without factual evidence. Seeking (upon information and belief) to convince the court to bend the Federal Rules of Civil Procedure, via the mischaracterization of law pertaining to **28 U S C § 2241** (see. Accompanying Exhibit A) Petitioner as Civil Detainee is not a prisoner and is in custody based on something other than a judgment of conviction or sentence. ***Gallegos-Hernandez v. U.S***, 688 F.3d 190 (5th Cir 2012)

Movant (*who is Petitioner in said case*) avers that writ of habeas corpus is not a formalistic remedy, and should not be circumscribed to any technical considerations. ***AAMER v. OBAMA***, 742 F.3d 1023 (D.C. Cir. 2014) Therefore, the court can and should ensure that he does not lose his lawful right to be effectively heard on the merits of his claim. Movant relies on federal Due Process protections, requesting prompt resolution of case, which is a principle function of habeas corpus relief.

***Fiat Justitia, ruat coelom***
(***Let right be done, though the heavens should fall)***

## CONCLUSION WITH PRAYER

Movant contends to show the court, the *'great writ of liberty'* can and should be issued in his favor. Resulting from the court granting this **MOTION FOR JUDGMENT ON THE PLEADINGS**. That is being respectfully submitted in a timely manner, as not to delay trial. Therefore, Movant pleads for equity and justice before the court, by contending forthrightly pursuant to federal constitutional law.

*A right without lawful remedy is no right at all!*
*Marbury v. Madison,* (S.Ct 1803)

**WHEREFORE PREMISES HEREIN CONSIDERED BY THE COURT:**

Movant/Petitioner *prays* the court **GRANT** this 12(c) **MOTION FOR JUDGMENT ON THE PLEADINGS** expeditiously, and thereby issue writ of habeas corpus in his favor. While effectively preserving equity and justice, with proper consideration for common law causes as is movant's who is in fact a natural citizen of the United States of America. As this is necessary to the equitable administration of justice to do so.

**AFFIANT SAYETH NAUGHT FURTHER**
*/s/ Erick Lawson*
**Erick Lawson (Pro se)**

## UNSWORN DECLARATION

I, *Erick Lawson*, declare under penalty of perjury that the foregoing instrument is true and correct.

Executed on this the *18th* day of *October* 2017.

*/s/ Erick Lawson*
**Erick Lawson**

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## Instructions

1. **Who Should Use This Form.** You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or [handwritten: IN ACTUAL CUSTODY BASED ON FINAL CIVIL JUDGMENT CASE NO 07-08-08159-CV]
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form.** You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition.** The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents.** In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee.** You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court.** Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address.** You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

Erick Lawson #02586885
Texas Civil Commitment Center
2600 S. Sunset Ave
Littlefield, Texas 79339

LUBBOCK TX 794
23 OCT 2017 PM 1 T

CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
1205 Texas Ave., RM 209
Lubbock, Texas 79401

RECEIVED
OCT 24 2017
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

OCT 2 3 2017

legal