IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| Erick Lawson | § | |
| Petitioner | § | |
| | § | |
| v. | § | Case no. 5:17-CV-102-C |
| | § | |
| | § | |
| Marsha McLane | § | |
| Respondent | | |

# MOTION REQUESTING HEARING FOR PETITION FOR A WRIT OF HABEAS CORPUS
**Pursuant to 28 U.S.C. § 2243**

**TO THE HONORABLE COURT:**

  **COMES FORTH NOW**, Erick Lawson "Petitioner". Requesting hearing under Cause no. 5:17-CV-102-C before the Honorable Court. Remaining aggrieved as result of the defendant's egregious violations of both his federal and state Constitutional Rights. *Smith v. Idaho*, 392 F.3d 350, 357 (9th Cir. 2004) *Prompt resolution of prisoners' claims is a principle function of habeas.*

## STATEMENT OF RELEVANT LEGAL FACTS

**§ 2243.** Issuance of writ; return; hearing; A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained.  It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require. Credits

(June 25, 1948, ch 646, 62 Stat. 965 .)

## REASONS FOR GRANTING HEARING

### I.

Petitioner avers his application for issuance of writ of habeas corpus has been presented to federal district court pursuant to 28 USCS § 2241, after being docketed since May 11, 2017 and remains pending. However, notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 [28 USCS §§ 2241 et seq.]

Petitioner respectfully requests equitable consideration be given to the fact that the, initial question presented to district judge has been satisfied (*whether legal principle which petitioner seeks to have applied to his case would entitle him to release from state custody, and if such allegations have been made, and if dispute as to facts appears either on face of petition and supporting papers or from facts alleged in return*), the court should now determine whether hearing is necessary to resolve the dispute.

Petitioner avers *Prompt resolution of prisoners' claims is a principle function of habeas,* particularly necessary where, as here, the state appellate court could have exercised its discretionary authority to augment the record with the missing transcript and questionnaires. Moreover, relying on *Cullen v. Pinholster*, Petitioner avers that SCOTUS has adopted that view and maintained that "new evidence properly presented in a federal hearing" should be deemed "relevant to the reasonableness of the state-court decision, preserving the opportunity for diligent petitioners to present evidence to the federal court when they were unable to do so in state court. *Higgins v. Cain*, 720 F.3d 255, 262–63 (5th Cir.), cert. denied, 571 U.S. 1076

Petitioner avers he has shown, "good cause" under the Constitution of the United States (*Fourteenth Amendment*) and Texas law that support his respectful request for expedited consideration. Petitioner has shown, *among other things*, that his claim relies factual predicate that could not have been previously discovered through exercise of due diligence. *Cullen v. Pinholster*, 563 U.S. 170, 180, 185 (2011). However, state-court adjudication of Petitioners' writ of habeas corpus 11.07 has "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. Therefore, Petitioner respectfully requests "Hearing" requiring an examination of the state-court decision at the time it was made.

In conclusion, Petitioner avers that his claim of *"fundamental miscarriage of justice"* is being raised after the conclusion of state court proceedings, at a point in time when state court review is no longer available, and federal court review of the claim is not barred by procedural default or some other barrier. Although the claim was resolved by the state court on the record before it, facts that can be adduced at a federal hearing can and should now be heard by the court. Where context of the claim has essentially become different, whose merits were not adjudicated by any state court ruling. See *Cullen v. Pinholster*, 563 U.S. at 185– 86 [new evidence of withheld exculpatory witness statements ... may well present a new claim-- violation of Brady v. Maryland] Therefore, the decision of the court to inequitably refuse refusing to consider the evidence received in the hearing in federal court, the court would thereby give the writ of habeas corpus § 2241 an implausibly narrow scope.

AFFIANT SAYETH NAUGHT FURTHER

*/s/ Erick Lawson*

Erick Lawson
2600 S. Sunset Ave
Littlefield, Texas 79339

## UNSWORN DECLARATION

I, *Erick Lawson*, declare under penalty of perjury that the foregoing instrument is true and correct.    *Erick Lawson*

Executed on this the *21st* day of *July* 2019.

*Erick Lawson*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument: *MOTION REQUESTING HEARING FOR PETITION FOR WRIT OF HABEAS CORPUS* been forwarded to *OFFICE OF ATTOR. GENERAL OF TEXAS P.O. BOX 12548, AUSTIN, TEXAS 78711-2548*, via U.S. Mail Postage pre-paid.

Executed on *21st* day of *July* 2019.

*Erick Lawson*

**Erick Lawson**

Erick Lawson #02396895
Texas Civil Commitment Center
2600 S. Sunset Ave
Littlefield, Texas 79339

Legal Mail

CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
1205 TEXAS AVE RM 209
LUBBOCK, TEXAS 79401

7940184027 C067

RECEIVED
JUL 24 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

SHIPPED JUL 22 2019

S93377.100

INDIGENT
$0.650
US POSTAGE
FIRST-CLASS
062S00-1058990